## No. 9099.

### HAMILTON v. WARNEKE.

GARNISHMENT—*Of one not debtor to defendant.* A bank held as depositary certain promissory notes nominally payable to one Clayton, but in fact the property of Warneke. Clayton, acting for Warneke, had arranged that the maker should discharge the notes by a payment of a sum less than that due thereon, and the bank was authorized to deliver them, upon payment to it of the sum so stipulated. Hamilton, hearing of this arrangement, deposited the stipulated sum, received the notes, and immediately brought an action against Clayton, and garnished the bank. Warneke intervening, the garnishee was discharged. Supersedeas denied and judgment affirmed.

*Error to Denver County Court, Hon. Wm. C. Hood, Jr.;*
          *Judge.*

Mr. E. L. CLOVER, for plaintiff in error.

Mr. HENRY HOWARD, JR., for defendant in error.

Chief Justice White delivered the opinion of the court:

WARNEKE sold a threshing machine to one Wheeler, receiving in payment therefor notes secured by a chattel mortgage. These notes were made payable to the order of one Rohder, to whom Warneke was indebted. As between Rohder and Warneke it was agreed that the former should hold the notes as security for the debt of the latter; and thereafter, Warneke having paid the debt, Rohder endorsed the notes and redelivered them. Subsequently, Warneke made arrangements with one Clayton to assist him in securing a small loan of the Commerce State and Savings Bank, Clayton being acquainted with the officers thereof, which was not the case with Warneke. Thereupon the two called at the bank and executed their joint note for a loan, and Clayton, who had possession of the Rohder notes, endorsed the same, and they were handed to the bank as collateral security to the aforesaid note for the loan, Warneke at the time telling the cashier that the Rohder notes were his, though his name did not appear thereon. Clayton, with the consent of Warneke, negotiated with the maker of the notes for payment of the same, offering a substantial discount, but had no negotiations in that regard with the plaintiff. The plaintiff, learning of the effort of Clayton to sell the notes at the price designated, which had been communicated to the bank, and the bank authorized to deliver the notes upon receipt of a designated sum, paid the purchase price thereof to the bank, received the notes, and instantly garnisheed the money in the hands of the bank as the property of Clayton. The notes were at all times the property of Warneke, and, he having intervened in the attachment suit, the court so found, discharged the garnishee, and rendered judg-

ment accordingly.   It is this judgment that is involved here and which the plaintiff in error seeks to have reversed.

We think the findings of the court, which are in substance as above stated, were amply supported by the evidence.   Hamilton acquired title to the notes, but the money which he paid therefor, less the lien held thereon by the bank, belonged to Warneke, and at the time of the levy Clayton had no interest therein.   The proceedings were in all respects regular, and the findings of the court proper. The application for *supersedeas* will, therefore, be denied and the judgment affirmed.

Mr. Justice Hill and Mr. Justice Teller concur.